# UNIITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN A. MCCONVILLE,<br>Plaintiff | ) <br> ) MAGISTRATE JUDGE Alexander <br> ) <br> ) |
| v. | ) CIVIL ACTION NO. <br> ) |
| MASSACHUSETTS BAY COMMUTER<br>RAILROAD COMPANY,<br>Defendant | ) <br> ) <br> ) <br> ) |

## COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, Stephen A. McConville, is a resident of Wallingford, Connecticut.

2. The Defendant, the Massachusetts Bay Commuter Railroad Company (MBCR), is a corporation duly formed under the laws of the Delaware, having its principal place of business in Georgetown, Essex County, Commonwealth of Massachusetts.

### FACTUAL ALLEGATIONS

3. The Plaintiff is employed as an Assistant Conductor by the Defendant MBCR on the Providence/Boston commuter rail line.

4. The Plaintiff's date of birth is April 16, 1942.

1

5. In or about January 2001, the Plaintiff suffered a work-related injury, when he was struck in the head by a steel trap door.

6. As a result of the accident, the Plaintiff suffered permanent neurological damage which has substantially impaired him in the exercise of major life activities.

7. The Defendant and its corporate predecessor, the Massachusetts Bay Transportation Authority ("MBTA"), at times relevant to this Complaint, have had in place a work rule which requires employees, classified as Assistant Conductors, to wear uniform hats.

8. After he suffered the accident referred to above, wearing the hat caused the Plaintiff to experience severe pain, which substantially interfered with his ability to work.

9. As a result, in or about May 2001, as an accommodation to his handicap, the Plaintiff's supervisor, William Rae, permitted the Plaintiff to perform his duties without wearing his hat.

10. In or about, July 1, 2003, the Defendant MBCR assumed management of the Providence commuter rail service from the MBTA.

11. To force the Plaintiff to retire, and/or to otherwise cause his separation from employment, the Defendant Rae informed the Plaintiff, on or about July 16, 2003, that he could no longer work unless he wore his uniform hat, and forced the Plaintiff to leave work.

12. The Defendant Rae repeated his instruction that the Plaintiff could not work without wearing his uniform hat on July 24, 2003, and presented the Plaintiff with a

letter stating the Defendant's position that the Plaintiff could not perform the essential functions of his job as a conductor without wearing his hat, due to "safety" concerns.

13. In fact, the Plaintiff had performed the essential functions of his job without the hat since he was provided the accommodation of not wearing the hat in May 2001, and could continue to perform the essential functions of the job without wearing the hat.

14. The Plaintiff renewed his request for the accommodation of working without wearing his hat with the Defendant MBCR on or about August 14, 2003, but the Defendants have failed to provide the accommodation to him, first forcing him to remain out of work, then offering him an alternative assignment in a rail yard.

15. The Plaintiff has satisfied all administrative prerequisites to suit under G.L. c. 151B, 42 U.S.C. § 12101, and 29 U.S.C. § 621.

## COUNT I

### Violation of 42 U.S.C. § 12101 – Americans With Disabilities Act

16. The Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12101, who is a capable of performing the essential functions of his job as Assistant Conductor with the reasonable accommodation of being permitted to work without wearing his uniform hat.

17. Wearing a uniform hat is not an "essential function" of the job of Assistant Conductor within the meaning of 42 U.S.C. § 12101.

18. The Defendant MBCR has violated 42 U.S.C. § 12101 by, *inter alia*, refusing to continue to provide the Plaintiff with the reasonable accommodation of working as Assistant Conductor without requiring him to wear his uniform hat.

19. As a direct and foreseeable result of the Defendant MBCR's violation of 42 U.S.C. § 12101, the Plaintiff has suffered harm, injury and damages, including but not limited to loss of income and employment benefits, other financial losses, and emotional distress.

## COUNT II

### Violation of G.L. c. 151B

20. The Plaintiff incorporates by reference all allegations made herein.

21. The Plaintiff is a qualified individual with a handicap within the meaning of G.L. c. 151B, who is a capable of performing the essential functions of his job as Assistant Conductor with the reasonable accommodation of being permitted not to wear his uniform hat.

22. The Defendant MBCR has violated G.L. c. 151B by, *inter alia*, refusing to continue to provide the Plaintiff with the reasonable accommodation of working as Assistant Conductor without requiring him to wear his uniform hat.

23. As a direct and foreseeable result of the Defendant MBCR's violation of G.L. c. 151B, the Plaintiff has suffered harm, injury and damages, including but not limited to loss of income and employment benefits, other financial losses, and emotional distress.

## COUNT III

### Violation of 29 U.S.C. § 621

24. The Plaintiff incorporates by reference all allegations made herein.

25. The Defendant has sought to effect the Plaintiff's separation from employment because of his age.

4

26. By discriminating against the Plaintiff as a result of his age, the Defendant MBCR has violated the Age Discrimination in Employment Act, 29 U.S.C. § 621.

27. As a direct and foreseeable result of the Defendant's acts, the Plaintiff has suffered harm, injury and damages, including but not limited to loss of income and employment benefits, other financial losses, and emotional distress.

## COUNT IV

### Violation of G.L. c. 151B, Age Discrimination

28. The Plaintiff incorporates by reference all allegations made herein.

29. The Defendant has tried to cause the Plaintiff's separation from employment because of his age.

30. By discriminating against the Plaintiff as a result of his age, the Defendant MBCR has violated G.L. c. 151B.

31. As a direct and foreseeable result of the Defendant's acts, the Plaintiff has suffered harm, injury and damages, including but not limited to loss of income and employment benefits, other financial losses, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter a judgment:

(a) awarding him back pay, front pay, damages for emotional distress, compensatory and punitive damages, liquidated damages, treble damages; costs and attorney's fees, as provided by G.L. c. 151B, 42 U.S.C. § 12101, and 29 U.S.C. § 621.

(b) granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

STEPHEN A. MCCONVILLE,

By his attorney,

Daniel W. Rice
GLYNN, LANDRY,
HARRINGTON & RICE, LLP
10 Forbes Road
Braintree, MA 02184
BOB # 559269
(781) 849-8479

Dated: January 2, 2003

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2004 JAN -9  A 11: 05
US. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __MCONVILLE V. MBCR__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X    II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

04 10057 MLW

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   NONE.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                   YES         (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                   YES         (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                   YES         NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                   YES         (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                   YES         NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION        CENTRAL DIVISION         WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION        CENTRAL DIVISION         WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    DANIEL W. RICE
ADDRESS            10 FORBES ROAD, BRAINTREE, MA 02184 (781) 849-8479
TELEPHONE NO.      (781) 849-8479

(Cover sheet local.wpd - 11/27/00)

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED IN CLERKS OFFICE 2004 JAN -9 A 11: 05 DISTRICT COURT DISTRICT OF MASS

**I. (a) PLAINTIFFS** STEVEN MCCONVILLE

**DEFENDANTS** MASS. BAY COMMUTER RAILROAD COMPANY

**(b)** County of Residence of First Listed Plaintiff CONNECTICUT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ESSEX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

DANIEL W. RICE, HARRINGTON & RICE, 10 FORBES ROAD
BRAINTREE, MA 02184 (781) 849-8479

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: |  | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Refusal to accommodate employment in violation of the ADA, 42 U.S.C. sec. 12101.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):    JUDGE    DOCKET NUMBER

DATE    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #____ AMOUNT____ APPLYING IFP____ JUDGE____ MAG. JUDGE____